IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-252-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DAVID JENKINS, | ) | |
| | ) | |
| Movant. | ) | |

The matter is before the court on petitioner's motion to vacate his sentence pursuant to 18 U.S.C. § 3582(b)(2) (DE 118) and his motion to supplement (DE 128). The government has not responded to petitioner's motions. In this posture, the issues raised are ripe for adjudication.

**BACKGROUND**

Petitioner pleaded guilty to armed robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113(a),(d),(2) and the use of a firearm in furtherance of a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (2). On June 11, 2010, the court sentenced petitioner to a total term of two hundred forty-eight (248) months imprisonment. Petitioner did not file a direct appeal.

On May 4, 2011, movant submitted a letter to the court. In response, on August 22, 2011, the court issued an order stating that it was unsure what relief, if any, movant sought with his letter, and provided movant the opportunity to have his letter recharacterized as an attempt to file a motion under 28 U.S.C. § 2255. The court also provided petitioner the appropriate notice pursuant to

Castro v. United States, 540 U.S. 375 (2003). Petitioner did not respond to the court's May 4, 2011, order.

On June 22, 2012, petitioner filed a motion to vacate/modify his sentence pursuant to 18 U.S.C. § 3582(b)(2), and the motion was filed by the court under seal. Petitioner subsequently filed a motion to supplement his § 3582(b)(2) motion.

## DISCUSSION

A.   Motion to Supplement

Petitioner moves the court for permission to supplement his June 22, 2012, motion to vacate/modify his sentence. For good cause shown, petitioner's motion is GRANTED.

B.   Motion to Vacate/Modify Sentence

Petitioner moves the court to reduce his sentence pursuant to 18 U.S.C. § 3582(b)(2), alleging that he received ineffective assistance of counsel. Petitioner emphasizes that his motion is pursuant to § 3582(b)(2), and "is in no way a [28 U.S.C. § ] 2255 motion." Pet'r's Mot. p. 1. Because petitioner unequivocally seeks review pursuant to § 3582(b)(2), and not 28 U.S.C. § 2255, the court reviews petitioner's motion as one filed pursuant to § 3582(b)(2). See United States v. Lydia, No. 7:05-CR-01080-GRA-4, 2013 WL 3894820, at *1 (D.S.C. July 26, 2013).

Section 3582(b)(2) provides, in pertinent part, that "[n]otwithstanding the fact that a sentence to imprisonment can subsequently be . . . corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and [18 U.S.C. §] 3742 . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." Essentially, § 3582(b)(2) states that a sentence may be corrected by the district court pursuant to Rule 35 or by the court of appeals on direct appeal.

2

To the extent petitioner seeks a reduction of his sentence pursuant to Rule 35(b),[1] his claim fails. Motions pursuant to Rule 35(b) must be filed by the government. Fed. R. Crim. P. 35(b); see United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993) (stating that the decision to file a Rule 35(b) motion is left to the government's discretion). The instant motion was filed by petitioner, and not the government. Accordingly, petitioner is not entitled to relief pursuant to Rule 35.

As for petitioner's request for relief on appeal, the court's docket reflects that petitioner has not filed a notice of appeal. The time for filing a direct appeal in this action has expired. Accordingly, if petitioner seeks to pursue an appeal, he may file, in this court, a motion for an extension of time to file an appeal. See Fed. R. App. P. 4(b); see United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

## CONCLUSION

For the foregoing reasons, petitioner's motion to supplement (DE 128) is GRANTED. However, petitioner's motion to vacate his sentence pursuant to 18 U.S.C. § 3582(b)(2) (DE 118) is DENIED. The Certificate of Appealability is DENIED. See 28 U.S.C. §2253.

SO ORDERED, this the 16th day of August, 2013.

LOUISE W. FLANAGAN
United States District Judge

---

[1] The court assumes that any reduction of sentence pursuant to Rule 35 would be pursuant to Rule 35(b) as Rule 35(a) pertains to the court's ability to correct a sentence that resulted from "arithmetical, technical, or other clear error." A motion pursuant to Rule 35(a) must be made within fourteen days after sentencing. Fed. R. Crim. P. 35.

3