IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-252-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| DAVID JENKINS, | ) | |
| Defendant. | ) | |

This matter is before the clerk on the motion of David Jenkins [DE-137] requesting a free copy of his sentencing transcript. The motion was referred to the clerk at the direction of the presiding judge. The motion is DENIED without prejudice.

Section 753(f) of Title 28, United States Code addresses the circumstances under which documents may be provided to indigent criminal defendants at government expense. Section 753(f) provides that:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal[.]

28 U.S.C. § 753(f). An indigent may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-203 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id*. at 202. Because there is no constitutional requirement that an indigent defendant be supplied free transcripts in order to collaterally attack a conviction or sentence, the defendant must show a

"particularized need" for the documents.  *See, e.g., United States v. MacCollum*, 426 U.S. 317, 323-30(1976).

Here, Jenkins has failed to show a "particularized need" for the requested sentencing transcript. Accordingly, his motion [DE-137] seeking a copy thereof is DENIED without prejudice to renew his motion upon a proper showing.

SO ORDERED.  This the 21st day of June, 2016.

_____
Julie Richards Johnston
Clerk of Court