IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-252-FL-1
NO. 5:16-CV-614-FL

DAVID JENKINS,                     )
                                   )
                    Petitioner,    )
                                   )
          v.                       )          ORDER
                                   )
UNITED STATES OF AMERICA,          )
                                   )
                    Respondent.    )

This matter is before the court on petitioner's motion to vacate, set aside or correct sentence

pursuant to 28 U.S.C. § 2255, (DE 146), which challenges petitioner's judgment of conviction in

light of the Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United

States v. Davis, 139 S. Ct. 2319 (2019).  The matter also is before the court on respondent's

motion to dismiss, (DE 168), and petitioner's motion to amend the petition, (DE 164).   The issues

raised are ripe for ruling.  For the reasons that follow, the court grants petitioner's motion to

amend, grants respondent's motion to dismiss, and dismisses petitioner's motion to vacate.

## BACKGROUND

On November 3, 2009, petitioner pleaded guilty to aiding and abetting armed bank robbery,

in violation of 18 U.S.C. §§ 2113(a), (d) and 2, and discharging a firearm during and in relation to

a crime of violence, in violation of 18 U.S.C. § 924(c).  On June 11, 2010, the court sentenced

petitioner to 248 months' imprisonment and five years' supervised release.  Petitioner did not

appeal his judgment of conviction.

On June 27, 2016, petitioner filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, asserting that his § 924(c) conviction should be vacated in light of Johnson. At respondent's request, the court stayed the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). On July 24, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motion. On August 8, 2019, petitioner filed the instant motion to amend the petition, which provides further argument in support of his motion to vacate. On September 17, 2019, respondent filed the instant motion to dismiss, which was fully briefed.

## DISCUSSION

A.    Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.    Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of discharging a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum ten years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1)(A)(iii). The sentence shall

run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid. See United States v. Mathis, 932 F.3d 242, 263-64 (4th Cir. 2019).

Petitioner's predicate offense is aiding and abetting armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and the Fourth Circuit has held that this offense qualifies as a crime of violence under § 924(c)'s force clause. See United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016) (holding "bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3)). Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Simms.

In his response to respondent's motion to dismiss, petitioner argues for the first time that his § 924(c) conviction is invalid in light of Simpson v. United States, 435 U.S. 6 (1978),

3

superseded by statute as stated in United States v. Gonzalez, 520 U.S. 1 (1997). Simpson held that "in a prosecution growing out of a single transaction of bank robbery with firearms, a defendant may not be sentenced under both § 2113(d) [which provides for an enhanced sentence where the defendant used a "dangerous weapon or device" during the robbery] and § 924(c)." 435 U.S. at 16. Congress, however, rejected this holding when it amended § 924(c) in 1984. See Gonzalez, 520 U.S. at 10 (citing Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, § 1005(a), 98 Stat 2138, 2139). As amended, § 924(c) now requires a mandatory consecutive sentence regardless of whether the predicate crime "provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." 18 U.S.C. § 924(c)(1)(A). Simpson therefore does not call into question petitioner's § 924(c) conviction.

Accordingly, the court will grant respondent's motion to dismiss and dismiss petitioner's motion to vacate for failure to state a claim.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

4

**CONCLUSION**

Based on the foregoing, the court GRANTS petitioner's motion to amend, (DE 164), GRANTS respondent's motion to dismiss, (DE 168), and DISMISSES petitioner's motion to vacate, set aside or correct sentence, (DE 146). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 19th day of February, 2020.

LOUISE W. FLANAGAN
United States District Judge